# Exhibit C

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

**DANIEL TEPPER**
DIRECT DIAL: (212) 545-4683
FACSIMILE: (212) 686-0114
tepper@whafh.com

December 31, 2019

**By E-Mail Only**

Craig de Recat, Esq. (Cderecat@manatt.com)
Adrianne E. Marshack, Esq. (Amarshack@manatt.com)
Matt Kanny, Esq. (Mkanny@manatt.com)
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa, Mesa, CA 92626

    Re:    **In re Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation**

           **Case No. 1:19-md-2903 (WDNY)**

Dear Counsel:

    We write in response to your letter dated December 6th concerning Plaintiffs' responses and objections to defendants' first set of discovery demands. We have considered the arguments raised in your letter and during the status conference held on December 9th.

    Defendants' Request No. 8 seeks "[c]opies of all photographs or videos of Your child (and/or your children) in the Product." Plaintiffs objected to this request as overbroad, unduly burdensome, disproportionate to the needs of the case and outside the scope of class certification discovery. Plaintiffs further objected to this request because seeking photographs of Plaintiffs' children constitutes a deep intrusion into their and their non-party children's personal privacy beyond any possible benefit from the requested documents. As Mr. de Recat argued at the December 9th hearing, "when we're talking about the purchase and use of the Rock 'n Play…. That will be achieved, in large part, by the depositions of the named plaintiffs." *See* Dec. 9 Transcript at 10:2-5.

    Defendants' Request No. 11 seeks "documents sufficient to show any and all equipment, furniture, devices (including but not limited to cribs, bassinets, cradles or Inclined Sleepers) You or Your Agent used for Your child's and/or your children's sleep from the child or children's birth to one year of age." Plaintiffs objected to this request on substantially the same grounds as

Wolf Haldenstein Adler Freeman & Herz LLP

December 31, 2019
Page 2

Request No. 8. Whether Plaintiffs' children used any sleeping accommodations other than the Rock 'n Play is not relevant to whether a class or classes can be certified in this case.

Defendants' Request No. 15 seeks "[a]ny and all documents referenced in Your complaint in this action." All of the documents cited in the Consolidated Amended Complaint are equally available to Defendants through the hyperlinks in the citations. If you are unable to access any of them, please let us know.

Defendants' Requests Nos. 18 and 19 seek "[d]ocuments sufficient to identify all cases in which You are serving and/or have served as a class representative…" and "all cases, other than this case, in which You have been represented by Your attorneys in this action." We fail to see the relevance of these requests to class certification. If you have any authority in support of your position, please provide it.

We do not understand your argument that Plaintiffs somehow limited the scope of their responses to Requests No. 1, 2 and 12. Plaintiffs already agreed to produce all documents responsive to these requests notwithstanding that they are cumulative. With respect to Requests Nos. 3 and 4, Plaintiffs agree to produce responsive documents, if any, subject to Plaintiffs' continuing objections to Defendants' Requests No. 8 and 11 discussed above.

Finally, Plaintiffs clarify that they will produce documents, if any, in response to Request No. 16 seeking social media posts concerning the product.

Very truly yours,

Daniel Tepper

cc:   Samantha Katze, Esq.
      Plaintiffs' Executive Committee
      Plaintiffs' Liaison Counsel

807530