# Exhibit G

```
                                                                      1

 1                        UNITED STATES DISTRICT COURT

 2                        WESTERN DISTRICT OF NEW YORK

 3

 4

 5     - - - - - - - - - - - - - - X
       IN RE: FISHER-PRICE ROCK 'N      19MD2903
 6     PLAY SLEEPER MARKETING SALES
       PRACTICES, AND PRODUCTS          Rochester, New York
 7                                      September 16, 2019
       LIABILITY LITIGATION,    )          10:00 a.m.
 8     - - - - - - - - - - - - - - X
       Initial Conference
 9

10                         TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE GEOFFREY CRAWFORD
11                     UNITED STATES DISTRICT JUDGE

12                         TERRENCE M. CONNORS, ESQ.
                           KATE G. HOWARD, ESQ.
13                         Connors LLP
                           1000 Liberty Building
14                         Buffalo, New York 14202
                           Plaintiff's Liaison Counsel
15
                           DEMET BASAR, ESQ.
16                         DANIEL TEPPER, ESQ.
                           Wolf, Haldenstein, Adler, Freeman & Herz, LLP
17                         270 Madison Avenue
                           New York, New York 10016
18                         Interim Class Counsel

19                         JONATHAN A. SORKOWITZ, ESQ.
                           Pierce, Bainbridge, Beck, Price & Hecht, LLP
20                         277 Park Avenue, 45th Floor
                           New York, New York, 10172
21                         Plaintiff's Executive Committee

22

23

24     COURT REPORTER:     Karen J. Bush, Official Court Reporter
                           (585) 613-4312
25                         100 State Street
                           Rochester, New York 14614
```

                                                                      30

in re:   Rock 'n Play Sleeper Marketing Sales Practices, Products Liability

    2      say that their product was dangerous and defective.  It would
    3      be -- help me out, Mr. De Recat.  You would agree, for purposes
    4      of class certification, issues related to the dangerousness of
    5      the product are not relevant to the class certification
    6      question?
    7                   MR. DE RECAT:  Yes, sir.
    8                   THE COURT:  Like that.
    9                   MR. DE RECAT:  Yes, yes, that would be saved for
   10      merit discovery and litigation.
   11                   THE COURT:  And that would be saved for merits
   12      determination and you're totally free to defend the product on
   13      safety grounds or lack of knowledge of the company, of the
   14      danger risk, whatever it is down the road and you're not -- he
   15      is going to need -- what is fair?  Nothing happens in December.
   16      Six months you get everybody deposed?
   17                   MR. DE RECAT:  Please.
   18                   ==THE COURT:  And you're not helpless during that==
   19      ==period, either.  You can get whatever discovery that you need==
   20      ==that is fairly related to what I think is the limited class==
   21      ==certification issue of were these client consumer experiences==
   22      ==so different that they can't be linked together in the same==
   23      ==class because everybody had a different subjective expectation==
   24      ==regarding the safety and use of the product and everybody had a==
   25      ==different family routine for when the infant was placed in the==

in re: Rock 'n Play Sleeper Marketing Sales Practices, Products Liability

 2    product, questions like that.

 3                MS. BASAR:  Correct, your Honor.  But, you know, I

 4    just want to have some clarity from your Honor and also Defense

 5    Counsel.  If they stipulate we want to establish everything

 6    that we would need to demonstrate to the court --

 7                THE COURT:  Right.

 8                MS. BASAR:  For predominance, and that depends on

 9    different questions, the different claims that we've raised as

10    well.  And we've been focusing on the consumer protection

11    claims.  And for that, we would need, you know, a stipulation

12    or we would need to establish that whatever representations

13    were made, are material.  If Defendants agree, stipulate to

14    that, that, obviously, would, you know, help move the class

15    certification process.

16                THE COURT:  By representations, you mean

17    advertisements?

18                MS. BASAR:  Correct.  And if they say it was

19    common across the board, if damages could be calculated on a

20    class-wide basis across the board.  And if they just narrow it,

21    as your Honor has said, to what Plaintiffs knew, how they used

22    the product, that's fine.  But we likely would, you know,

23    unless they stipulate that every single issue that might come

24    up, you know, can be established on a common basis, and it

25    would be predominant, we've met predominance on commonality, et